1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON LLOYD HOUSTON,

               Plaintiff,

     v.

SACRAMENTO SUPERIOR COURT, et al.,

               Defendants.

No.  2:16-cv-0528-EFB P

<u>ORDER</u>

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  He seeks leave to proceed in forma pauperis.

**I.**    **Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.**    **Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.     Screening Order**

The court has reviewed plaintiff's complaints (ECF Nos. 1 & 5) pursuant to § 1915A and finds that this action must be dismissed for failure to state a claim.  In the original complaint, plaintiff names the "Sacramento Superior Court," Judge Wen, his public defender, and the Public

1   Defender's Office as defendants.  He alleges that the judge denied his motion for new counsel and

2   ordered transcripts from the hearing sealed, thereby forcing plaintiff to "face trial [on] 3/7/16 with

3   unjust representation."  In the amended complaint, plaintiff names Judge Goodman as a

4   defendant.  Plaintiff seeks damages as relief.

5            To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

6   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

7   alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*,

8   487 U.S. 42, 48 (1988).  Plaintiff does not identify any specific claims for relief, but his

9   allegations suggest that he wishes to challenge the constitutionality of his criminal trial.  As set

10  forth below, the allegations fail to state a cognizable claim under the applicable standards.

11           As a general rule, a challenge in federal court to the fact of conviction or the length of

12  confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

13  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Where success in a section 1983 action would

14  implicitly question the validity of confinement or its duration, the plaintiff must first show that

15  the underlying conviction was reversed on direct appeal, expunged by executive order, declared

16  invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus.  *Heck v.*

17  *Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

18  If plaintiff succeeded on a constitutional claim that his trial was unfair, it would necessarily

19  implicate the validity or duration of his confinement.  Thus, this action is barred by *Heck*.

20           Plaintiff has also failed to name proper defendants.  Plaintiff cannot state a claim against

21  the "Sacramento Superior Court" because it is not a "person" within the meaning of § 1983.  In

22  addition, arms of the state, such as the state courts, are immune from suit under the Eleventh

23  Amendment.  *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir.

24  2003).  Further, plaintiff cannot state a claim against the judge based upon his or her rulings in

25  plaintiff's criminal trial because judges are absolutely immune from suit.  *Schucker v. Rockwood*,

26  846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  In addition, plaintiff's court-appointed

27  attorney cannot be sued under § 1983, *see Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981)

28  (public defenders do not act under color of state law for purposes of § 1983 when performing a

1   lawyer's traditional functions), and any potential claims for legal malpractice do not come within
2   the jurisdiction of the federal courts, *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981).

3         Because the deficiencies in plaintiff's claim cannot be cured by further amendment, the
4   complaint must be dismissed without leave to amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105
5   (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is
6   absolutely clear that the deficiencies of the complaint could not be cured by amendment."
7   (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]
8   district court should grant leave to amend even if no request to amend the pleading was made,
9   unless it determines that the pleading could not be cured by the allegation of other facts.").

10  **IV.   Summary of Order**

11        Accordingly, IT IS HEREBY ORDERED that:

12  1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

13  2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
14      accordance with the notice to the Sheriff of Sacramento County filed concurrently
15      herewith.

16  3.  This action is dismissed for failure to state a claim and the Clerk is directed to close the
17      case.

18  Dated:  June 14, 2016.

19  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE